**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3329-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VICTOR NORWOOD,

    Defendant-Appellant.

_____

Submitted September 24, 2018 – Decided  September 28, 2018

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 11-08-1402.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Mary R. Juliano, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Victor Norwood appeals from the trial court's denial of his post-conviction relief ("PCR") petition without an evidentiary hearing. We affirm, substantially for the sound reasons expressed in Judge Leslie-Ann M. Justus's January 19, 2017 oral opinion.

The facts arise out of a motor vehicle stop of defendant in Asbury Park in the early morning on May 6, 2011. A traffic officer observed defendant make a right turn at a stop sign without appearing to come to a full stop. The officer activated his lights and siren and pursued defendant, who increased his speed and swerved erratically. After a pursuit of approximately half a mile, defendant crashed into a parked vehicle. He ran from the accident scene and was apprehended while trying to climb a fence. He was taken to police headquarters and marijuana was found in his shirt sleeve.

Tried by a jury in 2012, defendant was convicted of second-degree eluding, N.J.S.A. 2C:29-2(b) and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2). The trial judge separately found defendant guilty of simple possession of under fifty grams of marijuana, N.J.S.A. 2C:35-10(a)(4) and reckless driving, N.J.S.A. 39:4-96. Defendant was sentenced to a ten-year custodial term on the eluding offense, subject to a five-year parole ineligibility period, plus a

concurrent eighteen-month term for the resisting arrest offense. The court also suspended his driver's license and imposed fines.

On direct appeal, this court issued an unpublished opinion affirming defendant's conviction but remanding for the limited purpose of merging the reckless driving conviction with eluding. State v. Norwood, No. A-1326-12 (App. Div. May 1, 2015). The Supreme Court denied certification. State v. Norwood, 223 N.J. 164 (2015).

In his PCR petition, defendant argued his trial counsel was ineffective in: (1) failing to object to the admission of the marijuana evidence at the jury trial; (2) failing to object to the court's omission of a standard instruction on burden of proof after the jury was empaneled; and (3) failing to file a pretrial motion to suppress the marijuana evidence.

Judge Justus, the PCR judge,[1] issued a detailed oral opinion explaining why defendant's petition lacked merit. She also concluded that defendant's arguments were procedurally barred under Rule 3:22-4(a) and -5. The judge found no need for an evidentiary hearing.

In his brief contesting the court's denial of PCR, defendant raised the following points:

---

[1] A different judge had presided over the jury trial.

POINT ONE

MR. NORWOOD IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO THE ADMISSION OF IRRELEVANT AND PREJUDICIAL DRUG EVIDENCE, OBJECT TO AN IMPROPER JURY CHARGE, OR FILE A MOTION TO SUPPRESS.

POINT TWO

THE PCR COURT ERRONEOUSLY RULED THAT MR. NORWOOD'S PETITION WAS PROCEDURALLY BARRED.

Having considered the record in light of the applicable legal principles, we find no merit in defendant's arguments. The PCR judge's opinion is legally sound and well supported by the record. We add only a few brief comments.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). In cases such as this one in which no evidentiary hearing was conducted, we review the PCR judge's determinations de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (citation omitted); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

Defendant in this case predicates his PCR application upon a claim that his trial counsel was ineffective. Under the Sixth Amendment of the United

States Constitution, persons accused of crimes are guaranteed the effective assistance of legal counsel in their defense. Strickland v. Washington, 466 U.S. 668, 686 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

Before applying these standards regarding the merits to the present appeal, we first must consider the PCR judge's conclusion that defendant's claims are procedurally barred under Rule 3:22-4(a) and -5. We substantially concur with her procedural rulings.

We agree that defendant's present claims of prejudice arising from the admission of the marijuana evidence at trial are barred under Rule 3:22-5. That is because our May 2015 opinion specifically rejected defendant's assertion that the marijuana proof was erroneously admitted. State v. Norwood, No. A-1326-12 (App. Div. May 1, 2015) (slip op. at 5) (specifically finding "no error . . . in the admission of the marijuana evidence"). We further concur with the PCR judge that defendant's claim of prejudicial error respecting the jury charge was unsuccessfully raised on direct appeal, and likewise is precluded under Rule

3:22-5. The only aspect of defendant's petition that is not procedurally barred is his discrete claim that his trial counsel was deficient in failing to move to suppress the fruits of the motor vehicle stop, an issue that was not developed in the trial transcripts or on direct appeal. Because this unadjudicated issue involves an allegation of ineffective counsel, we decline to bar it procedurally under Rule 3:22-4(a).

Turning to the merits, we are satisfied that defendant has neither established under the two-part Strickland test deficient performance by his trial attorney, nor actual prejudice from any claimed deficiencies. Counsel's decision to not object to the marijuana evidence was clearly a strategic one. It enabled counsel to impeach the arresting officer about details of his trial testimony and the sequence of events leading up to the seizure of the marijuana. Such a reasonable strategic choice is "virtually unassailable on ineffective assistance of counsel grounds." State v. Cooper, 410 N.J. Super. 43, 57 (App. Div. 2009).

Counsel's alleged failure to object to the inadvertent omission of the term "reasonable doubt" in the preliminary instructions to the jury is likewise unavailing. The "reasonable doubt" concept was amply explained by the trial judge in both the jury voir dire instructions and in the final jury charge. The

instructions as a collective whole were not prejudicial. State v. Chapland, 187 N.J. 275, 289 (2006).

Lastly, defendant fails to demonstrate a suppression motion would have any merit, even if counsel had filed one. The record shows the traffic officer had a reasonable and articulable basis to stop defendant's car after he observed it violating various traffic laws. State v. Bacome, 228 N.J. 94, 103 (2017). It is "inconsequential" defendant was ultimately acquitted of failing to stop at a stop sign. State v. Heisler, 422 N.J. Super. 399, 413 (App. Div. 2011).

There was no need for an evidentiary hearing on the PCR petition, as defendant failed to establish a prima facie basis for relief. State v. Porter, 216 N.J. 343, 357 (2013). The PCR judge did not misapply her discretion in denying a hearing. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3329-16T2